**UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHRISTINE UMTHUN,**

    **Plaintiff(s),**

**v.**

                                  **Case No.**

**HOME DEPOT U.S.A., INC.,**

    **Defendant.**

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Home Depot U.S.A., Inc. ("Home Depot"), by and through its undersigned counsel, hereby files this Notice of Removal giving notice it is removing this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446, and in support thereof, states:

**I.    PROCEDURAL HISTORY**

1. On November 26, 2019, Plaintiff, Christine Umthun, filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida a two-count Complaint and Demand for Jury Trial, wherein she alleges race discrimination in violation of 42 U.S.C. § 1981, et *seq.* ("Section 1981") and in violation of the Florida Civil Rights Act ("FCRA"). Dkt. 1, Plaintiff's Complaint ("Compl.") at ¶¶ 48-64.

2. Plaintiff served Defendant with a Summons and a copy of the Complaint on March 23, 2020, making the deadline for removal April 22, 2020. A copy of the Summons is attached hereto as Exhibit A.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty-days (30) from the date on which the Defendant was service. No orders have been signed by the state judge presiding over the State Court Action. A true and legible copy of the process, pleadings, orders, and other papers on file in the state court, including those that were served upon Defendant, are attached hereto as Exhibit B.

4. The District and Division embracing the place where this action is pending is the United States District Court for the Middle District of Florida, Orlando Division.

5. Home Depot has complied with 28 U.S.C. § 1446(a) and (d). Under 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" Home Depot are attached as Exhibit B to this notice. Pursuant to 28 U.S.C. § 1446(d), Home Depot will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, and will simultaneously provide written notice of the filing of this Notice of Removal to Plaintiffs. A copy of the Notice of Filing Notice of Removal without Exhibits is attached as Exhibit C.

6. The required filing fee of $400.00 and an executed civil cover sheet accompany this Notice.

7. By filing this notice, Home Depot does not waive any objections it may have as to improper service, jurisdiction, or venue, or any other defenses or objections to this action. Home Depot does not admit any fact, law, or liability by this notice, and reserves all defenses, motions, and pleas.

**II.  GROUNDS FOR REMOVAL**

5. Home Depot removes this action based on federal question jurisdiction, pursuant to 28 U.S.C. §1441(a).  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because plaintiff's claims arise under 42 U.S.C. § 1981, *et seq*.

6. Home Depot also removes this action based on diversity of citizenship, pursuant to 28 U.S.C. §1441(b).  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1441(c).

**III.   FEDERAL QUESTION JURISDICTION**

8. Plaintiff's Complaint alleges race discrimination in violation of 42 U.S.C. § 1981, *et seq*. Compl. at p. 6.

9. Thus, because the Plaintiff brings an action arising under the laws of the United States, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and is therefore removable to this Court pursuant to 28 U.S.C. §1441(a).

**III.   DIVERSITY JURISDICTION**

    **A.   DIVERSITY OF CITIZENSHIP**

10. To establish diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as

any defendant. *See, e.g., Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998). Citizenship of a natural person is established by domicile. *See* U.S. CONST. art. III, § 2, cl. 1. A person's domicile is established by physical presence and intent to remain indefinitely. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

11.     In her Complaint, Plaintiff states for all material times she was a resident of Florida. Compl. ¶ 4. Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

12.     Pursuant to 28 U.S.C. §1332(c)(1), a corporation shall be deemed to be a citizen of any state in which it is incorporated and of any state where it has its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

13.     Home Depot is a Delaware corporation with its principal place of business in Atlanta, Georgia. Thus, Home Depot is a citizen of Delaware and Georgia under 28 U.S.C. §1332 (c)(1).

14.     Accordingly, Plaintiff and Defendant were diverse at all relevant times for the purposes of 28 U.S.C. §1332.

**B.     AMOUNT IN CONTROVERSY**

15.     Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

16.     Plaintiff's Complaint alleges damages in excess of $15,000 as was required by Florida law to meet the jurisdictional requirement for filing in the Circuit Court in Florida. *See* Compl. at ¶ 2. Where, as here, removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy," *see* 28 U.S.C. § 1446(c)(2)(A), and a

removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

17.     In assessing the amount in controversy, the Court considers the amount in controversy at the time of removal. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In the Eleventh Circuit, where a plaintiff has made an unspecified demand for damages, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement ($75,000.00). *See, e.g.*, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). Thus, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id*. at 1062.

18.     Courts may also consider jury verdicts rendered in matters raising similar claims and injuries. *See, e.g., Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1314 (M.D. Fla. 2016) (reviewing evidence of settlements and jury verdicts together with the allegations of plaintiff's complaint to conclude that "it [was] more likely than not that the amount in controversy exceeds $75,000."); *see also Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *4-7 (M.D. Fla. Mar. 23, 2007) (considering information from defendant based upon defendant's review of published jury verdicts and

damages awards involving claims similar to plaintiff's in determining that the requisite $75,000 minimum had been established). Importantly, "[a] removing defendant is *not* required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Payne*, 154 F. Supp. 3d at 1313 (internal quotation marks omitted; emphasis added) (citing *Pretka*, 608 F.3d at 754).

19. A plain reading of the Plaintiff's Complaint reveals that the amount in controversy exceeds the sum of $75,000 and thus meets the jurisdictional amount required for removal based on diversity. Specifically, Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs. Both Section 1981 and the FCRA authorize courts to award compensatory damages, punitive damages, and attorneys' fees. *See* 42 U.S.C. § 1981a, 1988(b); *see* Fla. Stat. §760.11(5).

20. Plaintiff seeks to recover compensatory damages for "emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress, and other non-pecuniary and intangible injuries." Compl. at ¶ 55, 63. She also seeks punitive damages. Compl. at ¶ 53, 61. Compensatory and punitive damages should be considered when calculating the amount in controversy. *See, e.g., Awad v. Cici Enterprises,* 2006 U.S. Dist. LEXIS 71998, at *3-4 (M.D. Fla. Oct. 3, 2006); *Cunningham Lindsey U.S.,* 2005 U.S. Dist. LEXIS 38862, at *16-17.

21. Courts find that where litigants seek compensatory damages in the form of pain and suffering, such as Plaintiff here, the damages are sufficient to establish the jurisdictional amount for a diversity action. *See Estevez-Gonzalez v. Kraft*, 606 F. Supp. 127, 129 (S.D. Fla. 1985); *see also Harmony Homes, Inc. v. United States*, 890 F. Supp.

1032, 1034 (M.D. Fla. 1995); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244 (S.D. Fla. 1982). Even garden-variety emotional distress damages in employment termination cases may significantly increase the amount in controversy. *See, e.g.*, *Cunningham Lindsey U.S.,* 2005 U.S. Dist. LEXIS 38862, at *17. Accordingly, Plaintiff's claims for compensatory damages alone satisfy the jurisdictional requirement.

22. Plaintiff also seeks to recover back pay. In calculating potential lost wages for jurisdictional purposes, many courts calculate the figure through the anticipated the trial date. *See Sheehan v. Westcare Found., Inc.*, 2013 U.S. Dist. LEXIS 9027, at *5 (M.D. Fla. Jan. 23, 2013) (agreeing with defendant that "back pay for purposes of the amount in controversy requirement should be calculated to the date of trial") (internal quotation marks omitted)*; see also Cashman v. Host Int'l, Inc.,* 2010 U.S. Dist. LEXIS 123164, at *4 (M.D. Fla. Nov. 9, 2010) (finding that jurisdictional minimum for diversity jurisdiction was met, court noted that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation").

23. Plaintiff was employed by Home Depot until December 4, 2015. Compl. at ¶ 28. At the time of her termination, Ms. Umthun earned an annual salary of $109,226. It has been over a year since Plaintiff's termination. As such, Plaintiff's claim for back pay, by itself, satisfies the jurisdictional amount in controversy.

24. Plaintiff also seeks to recover front pay. Potential front pay should be considered in assessing the amount-in-controversy. *See, e.g.*, *Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862, at *14-15 (M.D. Fla. May 11, 2005). An award equaling even one year of front pay would add approximately $109,226 to the

total of Plaintiff's potential recovery. Thus, in potential lost wages alone, Plaintiff's claims exceed the minimum amount in controversy.

25.    Further, under Section 1981, Plaintiff may seek punitive damages (no cap) and under the FCRA, Plaintiff may seeks punitive damages of up to $100,000 as a potential remedy. *See* 42 U.S.C. § 1981a(b)(1); *see* Fla. Stat. §760.11(5). As the court ruled in *Cunningham Lindsey U.S.*, "[w]hen determining the jurisdictional amount in controversy in diversity cases, *punitive damages must be considered, . . . unless it is apparent to a legal certainty that such cannot be recovered*." *Id.* at *16 (internal quotation marks omitted; emphasis added). As in *Cunningham Lindsey U.S.,* nothing in Plaintiff's Complaint "indicates that [she is] seeking less than the maximum allowable amount of punitive damages." *Id.* at *17. Thus, Plaintiff's request for punitive damages—assuming, as the standard requires, she will prove the allegations in her Complaint—also satisfies the amount in controversy requirement. *Pretka v. Kolter City Plaza II, Inc* ., 608 F.3d 744, 751 (11th Cir. 2010); *Cf. Cowan v. Genesco, Inc.*, Case No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, *4, n.7 (M.D. Fla. July 14, 2014).

26.    Plaintiff also alleges that Defendant is liable for her attorneys' fees. The FCRA and 42 U.S.C. § 1988(b) provide a statutory basis for recovery of reasonable attorney's fees as damages for Plaintiff's FCRA and Section 1981 claims, respectively. *See* Fla. Stat. § 760.11(5); *see* 42 U.S.C. § 1988(b). Therefore, a reasonable estimate of such fees should be included in evaluating the amount in controversy. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy").

27. The Court may consider reasonable estimates for likely attorney's fees based upon similar employment termination cases. *See, e.g., Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *4-7 (M.D. Fla. Mar. 23, 2007) (considering estimate of $40,000 for attorney's fees in Jacksonville employment discrimination case). Assuming that counsel spends two-hundred (200) hours on this case through the time of trial (*see, e.g.*, *Alshakanbeh,* 2007 U.S. Dist. LEXIS 20746, at *5), and assuming his rate is only $300 per hour, that adds another $60,000 to the amount in controversy that should be considered.

28. Finally, recent verdicts reflect that should Plaintiff prevail, she certainly could recover far in excess of $75,000. *See, e.g., Jones v. Capital Transportation, Inc.*, 2015 WL 1873903 (N.D. Fla. Feb. 11, 2015) ($250,000 verdict returned in race discrimination case); *Brooks v. Titan Waste Service Inc.; Patriot Waste Service Inc. a/k/a Waste Source Inc.,* 2013 WL 8854897 (Fla. Cir. Ct. Sep. 24, 2013) ($120,868 verdict returned in race discrimination case); *Marie Claire Noel v. Terrace of St. Cloud, LLC*, 2015 WL 10097405 (M.D. Fla. Oct. 14, 2015) (alleging among other claims that defendant discriminated against plaintiff on the basis of her race in violation of Title VII and the FCRA; verdict $93,860.24); *Ellis v. Bradshaw*, 2013 WL 1856271 (Fla. Cir. Ct. Mar. 26, 2013) ($262,127 verdict returned in race discrimination case); *Snead v. Florida Agricultural & Mechanical University Board of Trustees*, 2016 WL 7439280 (N.D. Fla. Oct. 20, 2016) (plaintiff alleged race discrimination among other claims; verdict $251,078).

29. Considering the cumulative value of Plaintiff's potential claims for back pay, front pay, compensatory damages, punitive damages and attorneys' fees, the amount

in controversy clearly exceeds $75,000, exclusive of interests and costs. Therefore, because the action is based on a federal question and is between citizens of different states, the District Court has original jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331 and 1332(a) and this case may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

WHEREFORE, Defendant Home Depot respectfully removes this action from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Dated this 13th day of April, 2020.

                Respectfully submitted,

                LITTLER MENDELSON, P.C.
                111 N. Orange Avenue, Suite 1750
                Orlando, Florida 32801-2366
                Telephone:   (407) 393-2900
                Facsimile:    (407) 393-2929

BY:   */s/ Allison Wiggins*
           Kimberly J. Doud
           Fla. Bar No.: 523771
           Email: kdoud@littler.com
           Allison Wiggins
           Fla. Bar No.: 105733
           Email: awiggins@littler.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to: Jill S. Schwartz, Esq., Kimberly D. Webb, Esq., JILL S. SCHWARTZ & ASSOCIATES, P.A., 655 West Morse Blvd., Ste. 212, Winter Park, FL 32789, jschwartz@schwartzlawfirm.net; kwebb@schwartzlawfirm.net; jtacktill@schwartzlawfirm.net; docketing@schwartzlawfirm.net.

                */s/ Allison Wiggins*
                Allison Wiggins