IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

CHRISTINE UMTHUN,

    Plaintiff,                                     CASE NO.:

vs.                                              DIVISION:

HOME DEPOT U.S.A., INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christine Umthun ("Umthun"), by and through her counsel, hereby files this Complaint and Demand for Jury Trial against Defendant, Home Depot U.S.A., Inc. ("Home Depot"), and alleges as follows:

### NATURE OF ACTION

1. This action addresses claims of race discrimination asserted by Umthun against Home Depot under the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA") and 42 U.S.C. § 1981, et seq.

### JURISDICTION AND VENUE

2. The instant suit is a claim for damages in excess of $15,000.00. Jurisdiction is therefore proper in Circuit Court.

3. The acts and omissions giving rise to this action occurred in Orange County, Florida. Venue is therefore proper in the Ninth Judicial Circuit.

### PARTIES

4. At all times material hereto, Umthun was a resident of Orange County, Florida.

5. At all times material hereto, Home Depot was a Delaware corporation, headquartered in Atlanta, Georgia, and doing business in Orange County, Florida.

6. At all times material hereto, Home Depot was an "employer" as defined by section 760.02(7), Florida Statutes and 42 U.S.C. § 2000e(b), because it employed fifteen or more employees in an industry affecting commerce for each working day in each of twenty or more calendar weeks in the year in which the unlawful employment practices took place and the preceding calendar year.

7. At all times material hereto, Home Depot was the employer of Umthun.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

8. Umthun exhausted her administrative remedies under the FCRA and Title VII by dual-filing Charges of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within three hundred (300) days of the discriminatory conduct alleged in this action.

9. The EEOC issued a notice of right to sue on or about June 26, 2018.

10. The FCHR made no determination as to the merits of Umthun's allegations within the one-hundred eighty (180) day period following the filing of the Charge of Discrimination.

11. Umthun has satisfied any and all administrative requirements precedent to the filing of this action under the FCRA and is permitted to proceed to court pursuant to section 760.11, Florida Statutes.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Umthun began working for Home Depot on August 15, 2005.

13. Umthun was employed with Home Depot as Store Manager for the Southeast Region.

14. Over the decade that she was with Home Depot, Umthun managed four stores in the metro-Orlando area, including the Kissimmee, SE Orlando, St. Cloud, and W. Colonial locations.

15. Throughout her employment, Umthun consistently received superb evaluations and was recognized for her accomplishments.

16. During that time, Umthun established a record of success and productivity, operating well-run stores without issue.

17. On November 2013, Tracy Moss was promoted to the position of District Manager over Umthun's district.

18. Under Ms. Moss' management, Umthun's performance was intensely scrutinized after Umthun's transfer to West Colonial Store.

19. Under Ms. Moss's management, Umthun was subjected to repeated unwarranted disciplinary actions.

20. When visiting Umthun's store, Ms. Moss offered no guidance or mentoring to Umthun.

21. Ms. Moss undermined Umthun's work and created tension among Umthun's employees.

22. Ms. Moss would purposely visit Umthun's store on days that she knew Umthun would not be present at the store.

23. Ms. Moss solicited negative comments and complaints regarding Umthun and thus created a negative undercurrent in the building.

24. Umthun was not the only Caucasian store manager subjected to intense scrutiny by Ms. Moss.

25. Under Ms. Moss' management, multiple Caucasian managers were terminated and replaced by minority applicants.

26. Alex Calderon, a struggling young Hispanic Man, who was recently promoted to Store Manager, would have weekly "State of Union" meetings with Ms. Moss and District HR Manager, Steve Simons in order to help him succeed.

27. Ms. Moss's weekly calendar was visible to all Store Managers and any sensitive or confidential information regarding her appointments was not kept private, demonstrating Ms. Moss' clear lack of leadership.

28. On December 4, 2015, Home Depot terminated Umthun's employment.

29. Umthun's position was filled with a minority applicant.

30. Umthun was told that her termination was based on her alleged violation of company policy by sharing her vault passcode.

31. Umthun acknowledged to Human Resources during an interview that she had shared her passcode on a couple of occasions with other managers who were managing her store on specific occasions where none of the Store's regular management team was available, such as a company-sponsored event where all managers were off-site and when the store's management was all off-site attending the funeral of one of the store's associates.

32. No manager knew that sharing passcodes under such circumstances with another member of management was in violation of any company policy.

33. The sharing of passcodes under such circumstances was the longstanding customary practice of managers throughout the company, not just in Umthun's district.

34. In 2008, Umthun travelled to Galveston, Texas in District 8, as a Hurricane Captain from District 12, to a severely damaged store and island following hurricane Ike.

35. Gary DeMarinis, the Store Manager in Galveston, gave Umthun his passcode for use while she was there.

36. Mr. DeMarinis was never disciplined or written up for sharing his passcode with Umthun or asked to change his passcode once she left.

37. Mr. DeMarinis has since been promoted to District Manager in the Atlanta area.

38. In 2012, Umthun again travelled to Slidell Louisiana, District 132 as a Hurricane Captain from District 12 to provide assistance following Hurricane Gustav.

39. While there, an Assistant Manager, name unknown, at the Slidell store in Louisiana shared his passcode with Umthun as they completed ZMA markdowns.

40. Umthun's prior District Manager, Kurt Walker, once directly instructed another Store Manager, Marcel Rodriguez, to give Umthun his keys and passcode so that she could cover his store while he was out sick. Umthun went to the home of Marcel Rodriguez to retrieve his store keys and his company passcode.

41. Mr. Rodriguez, Hispanic male, has since been promoted to District Manager in the Tampa area.

42. No managers were ever reprimanded, written up, cautioned, talked to, instructed to change their passcode, or disciplined for sharing their passcodes.

43. During this time the company's IT infrastructure did not have the ability for manager's passcodes to be used universally from store to store.

44. Umthun was the only manager whose employment was terminated for sharing a passcode.

45. Since Umthun's termination, subsequent managers have shared their passcodes with others.

46. Since Umthun's termination, subsequent managers who have shared their passcodes with others have not been terminated for doing so.

47. Since Umthun's termination, subsequent managers who shared their passcodes received courtesy phone calls from Ms. Moss reminding them to re-set their passcodes the following day.

## COUNT I
## RACE DISCRIMINATION (42 U.S.C. § 1981, et seq.)

48. Umthun hereby incorporates the allegations set forth in paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Umthun is Caucasian, placing her in a protected category (race) under 42 U.S.C. § 1981, et seq.

50. At all times material hereto Umthun was qualified to perform and did perform her job duties with Home Depot.

51. Home Depot discriminated against Umthun and subjected her to adverse employment actions based on her race by giving her a negative performance review, subjecting her to unwarranted disciplinary action, failing to conduct any investigation into Umthun's complaints of discrimination, and terminating her employment and filling her position with a non-Caucasian minority individual.

52. Umthun' race was a motivating factor that prompted Home Depot to take adverse actions against Umthun, including terminating her employment.

53. The actions of Home Depot were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Umthun' protected rights under the §1981, thereby entitling Umthun to an award of punitive damages.

54. The actions of Home Depot make reinstatement ineffective as a make whole remedy, entitling Umthun to front pay in lieu of reinstatement.

55. As a direct, proximate, and foreseeable result of Home Depot's discriminatory actions, Umthun has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

56. Umthun has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

### DEMAND FOR RELIEF

WHEREFORE, Umthun demands judgment against Home Depot for:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Punitive damages;

    e. Attorneys' fees and costs of this action pursuant to 42 U.S.C. § 1988; and

    f. Such other relief as this Court deems just and proper.

### COUNT II
### RACE DISCRIMINATION (FCRA)

57. Umthun hereby incorporates the allegations set forth in paragraphs 1 through 47 of the Complaint as if fully set forth herein.

58. Umthun is Caucasian, placing her in a protected category under the FCRA.

59. At all times material hereto Umthun was qualified to perform and did perform her job duties with Home Depot.

60. Home Depot discriminated against Umthun and subjected her to adverse employment actions based on her race by giving her a negative performance review, subjecting her to unwarranted disciplinary action, failing to conduct any investigation into Umthun's complaints of discrimination, and terminating her employment and filling her position with a non-Caucasian minority individual.

61. The actions of Home Depot were willful, wanton, intentional and/or were performed with malice and/or with reckless indifference to Umthun's protected rights under the FCRA, thereby entitling Umthun to an award of punitive damages.

62. The actions of Home Depot make reinstatement ineffective as a make whole remedy, entitling Umthun to front pay in lieu of reinstatement.

63. As a direct, proximate, and foreseeable result of Home Depot's discriminatory actions, Umthun has suffered past and future pecuniary losses, emotional pain, suffering, embarrassment, humiliation, inconvenience, mental anguish, loss of enjoyment of life, loss of dignity, emotional distress and other non-pecuniary losses and intangible injuries.

64. Umthun has retained counsel to represent her in this matter and has incurred, and will continue to incur, attorney's fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, Umthun demands judgment against Home Depot for:

    a. Back pay;

    b. Front pay;

    c. Compensatory damages;

    d. Punitive damages;

  e. Attorneys' fees and costs of this action pursuant to § 760.11(5), Fla. Stat.; and

  f. Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Christine Umthun, hereby demands trial by jury on all issues so triable as a matter of right.

Date: November 26, 2019

            Respectfully submitted,

            s/ Kimberly D. Webb
            Jill S. Schwartz, Attorney at Law
            Florida Bar No. 523021
            Kimberly D. Webb, Attorney at Law
            Florida Bar No. 0537306
            JILL S. SCHWARTZ & ASSOCIATES, P.A.
            655 West Morse Blvd., Ste. 212
            Winter Park, Florida  32789
            Telephone: (407) 647-8911
            Facsimile: (407) 628-4994
            E-mail: jschwartz@schwartzlawfirm.net
            E-mail: kwebb@schwartzlawfirm.net
            Secondary E-mail: jtacktill@schwartzlawfirm.net
            Secondary E-mail: docketing@schwartzlawfirm.net

            Attorneys for Plaintiff